UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


LUIS ARMANDO MALDONADO
RAUDALES,

      *Petitioner,*

v.

      Case No. 3:26-cv-75-JEP-PDB

ATTORNEY GENERAL OF THE
UNITED STATES, et al.,

      *Respondents.*
_____/

## <u>ORDER</u>

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a). (Doc. 2). Petitioner is a citizen of Honduras who entered the United States without inspection or parole around 2007; and he was taken into ICE custody on October 3, 2025, and denied a meaningful opportunity for an individualized bond hearing. (Doc. 2 at 2-4). Petitioner contends that his detention without an individualized bond hearing violates the due process protections of the Fifth Amendment to the United States Constitution. (*Id.* at 5). At the heart of this case is Petitioner's

contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See* Doc. 2 at 5; *see also* Doc. 20).

The Federal Respondents filed a response, arguing that the Court lacks jurisdiction to entertain the petition, and in any event, the petition lacks merit because Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2). (Doc. 11). Through counsel, Petitioner filed a reply countering the Federal Respondents' arguments. (Doc. 20). Additionally, the Warden of Baker Correctional Institute filed an unopposed motion to dismiss, arguing that he is not a proper respondent in this case. (Doc. 17; *see* Doc. 18).[1]

In an order issued on January 26, 2026, this Court addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, --- F. Supp. 3d ---, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026); *see also Costa v. Noem*, No. 3:25-cv-1384-JEP-MCR, 2026 WL 456771, at *1 (M.D. Fla. Feb. 18, 2026). As did the petitioner in *Diaz Lopez*,

---

[1] Because Petitioner does not oppose the relief requested in the motion to dismiss, the Court will grant the motion as unopposed and will not substantively address the merits of the motion.

Petitioner claims that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution. To the extent that Petitioner's claims and arguments are the same as those addressed in *Diaz Lopez*, for the reasons stated in that order, this Court concludes that § 1225(b)(2)(A) governs Petitioner's detention. *See generally Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026) (likewise holding that § 1225(b)(2)(A) mandates detention of aliens who are present in the United States without having been admitted).[2] Indeed, his status is no different than the petitioner's in *Diaz Lopez* for purposes of considering whether § 1225(b)(2)(A) or § 1226(a) applies to his detention: he is a noncitizen who has been living in the country for some time without having been admitted, and he has been detained for his removal proceedings. As such, for the reasons stated in *Diaz Lopez*, Petitioner is

---

[2] This Court has kept apprised of emerging federal court rulings on this issue, but in the absence of a ruling from the Supreme Court or the Eleventh Circuit, and for the reasons set forth in *Diaz Lopez*, 2026 WL 261938, at *7–12, this Court rejects Petitioner's interpretation of the INA. Moreover, while numerous district courts have addressed the statutory interpretation question that Petitioner presents, only two courts of appeals—the Fifth and Eighth Circuits—have squarely done so. And in their opinions, those courts of appeals gave the same answer that this Court did in *Diaz Lopez*. *See Avila v. Bondi*, --- F.4th ----, No. 25-3248, 2026 WL 819258, at *1–6 (8th Cir. Mar. 25, 2026); *Buenrostro-Mendez*, 166 F.4th at 498–508; *but see Castanon-Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument). The undersigned deems highly persuasive the Fifth and Eighth Circuits' dispassionate, carefully reasoned, and thorough analyses, which the courts judiciously confined to the statutory text, structure, and context, without discussion of extraneous considerations. *See generally Avila v. Bondi*, 2026 WL 819258, at *1–6; *Buenrostro-Mendez*, 166 F.4th at 498–508.

lawfully detained under § 1225(b)(2)(A) and his claims fail. *See Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez*, 166 F.4th at 502-08.

Therefore, it is **ORDERED**:

1. The warden's unopposed motion to dismiss (Doc. 17) is **GRANTED**, and the Clerk shall terminate the Warden as a party to this case.

2. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 2) is **DENIED**.

3. Petitioner's motion for immediate bond hearing or release (Doc. 21) and emergency motion for temporary restraining order preventing Petitioner's transfer (Doc. 22) are **DENIED as moot**.

4. The Clerk is **DIRECTED** to enter judgment denying the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on April 8, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

4